```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                        NASHVILLE DIVISION


JOHN T. BAKER                    ]
     Plaintiff,                  ]
v.                               ]           No. 3:16-2779
                                 ]           Judge Trauger
DAVIDSON COUNTY SHERIFF'S        ]
OFFICE, et al.                   ]
     Defendants.                 ]
```

## M E M O R A N D U M

The plaintiff, proceeding *pro se*, is a pre-trial detainee at the Maximum Correction Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and a fellow inmate, Anthony Woods, seeking damages.

On April 6, 2016, the plaintiff was allegedly attacked without provocation by inmate Woods, who caused injuries requiring medical assistance. The plaintiff claims that "this would of never happen if the officers was doing their job."

To establish a claim for § 1983 relief, the plaintiff must plead and prove that a person or persons, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A county sheriff's office is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d

1

341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994). Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Maximum Correction Center. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the Davidson County Sheriff's Office.

The remaining defendant, Anthony Woods, is an inmate at the Maximum Correction Center. As such, he was not acting under color of state law when he allegedly attacked the plaintiff. As a consequence, the plaintiff has failed to state a claim against this defendant as well.

In the absence of a claim upon which relief can be granted, this action shall be dismissed *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge